IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **HENRY B. RIVERA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-1039-RDR |
| | ) |
| **SOUTHWESTERN BELL TELEPHONE** | ) |
| **COMPANY dba AT&T**, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This is an employment action brought by plaintiff against his former employer under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Plaintiff claims he was discriminated against during his employment based upon his gender and retaliated against because he opposed an unlawful practice under Title VII. This matter is presently before the court upon defendant's motion to dismiss for failure to state a claim upon which relief can be granted.

I.

The defendant initially contends that plaintiff has failed to state a viable Title VII gender discrimination claim. The defendant argues that plaintiff has failed to plead any adverse employment action that was purportedly motivated by gender. The defendant further contends that the plaintiff has failed to state a viable Title VII retaliation claim. The defendant contends that plaintiff has failed to (1) sufficiently plead protected activity under Title VII;

(2) identify any adverse action as retaliation; and (3) allege facts showing a causal connection between the protected activity and the adverse employment action.

In response, plaintiff suggests that he has plausibly alleged a Title VII discrimination claim. He suggests that he properly pled such a claim because he has alleged that he was subjected to employment conditions that were "humiliating and degrading" or significantly altered his workplace environment. He also contends that he has plausibly alleged a Title VII retaliation claim. He points out that his complaint alleges that (1) he voiced his concern about his supervisor's discriminatory treatment to a superior supervisor; (2) he was suspended and then terminated; and (3) there was close proximity between the opposition to the discriminatory treatment and the adverse employment actions. Plaintiff has asked that he be allowed to amend his complaint if the court finds that he has not properly pleaded either of his claims.

## II.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded

2

claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Dubbs v. Head Start, Inc., 336 F.3d 1194, 1201 (10th Cir. 2003). In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense. Iqbal, 556 U.S. at 678. All well-pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff. See Zinermon v. Burch, 494 U.S. 113, 118 (1990); Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). Allegations that merely state legal conclusions, however, need not be accepted as true. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

A complaint alleging employment-based discrimination, retaliation or harassment under Title VII must "make at least minimal factual allegations on every element" of the claim. Sims v. Wyandotte Co./Kansas City, Kan., 120 F.Supp.2d 938, 967 (D.Kan. 2000). Vague references to discrimination, retaliation or harassment without any indication that the alleged misconduct was

3

motivated by gender or another category protected by Title VII will be insufficient to support an employment-based claim. See Anderson v. Academy School Dist. 20, 122 Fed.Appx. 912, 916 (10th Cir. 2004).

III.

A. TITLE VII--Gender Discrimination

An employee may assert two theories under Title VII: disparate treatment and hostile work environment. To prove a disparate treatment claim, plaintiff must show he suffered an adverse employment action because of his sex. Orr v. City of Albuquerque, 417 F.3d 1144, 1149 (10th Cir. 2005). To prove a hostile work environment claim, he must show his workplace was "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." MacKenzie v. City & County of Denver, 414 F.3d 1266, 1280 (10th Cir. 2005)(quotation omitted).

At the outset, the court notes that the complaint filed by plaintiff is hardly a model to follow in drafting a Title VII discrimination claim. The complaint is not clear whether plaintiff is alleging an adverse employment action or a hostile work environment. The complaint contains a litany of factual allegations. The complaint then states that defendant

> unlawfully discriminated against plaintiff in his

4

employment on the basis of sex in the following manner: General Manager Rick Eddy treated attractive female employees more favorably in the conditions of their employment than Plaintiff and other male employees and other female employees.

Despite allegations that plaintiff was suspended and terminated, plaintiff does not assert that these actions were taken because of his gender. Moreover, plaintiff has made no allegations that he was subjected to a hostile work environment despite several allegations of what plaintiff suggests is unfair treatment by his supervisor. Thus, the court finds that the complaint fails to give defendant adequate notice of the specific discriminatory conduct giving rise to his claims.

Plaintiff has requested in the alternative to amend his complaint "to correct any identified deficiencies." Because the defendant has filed an answer, plaintiff may amend his complaint "only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). "The court should freely give leave when justice so requires," id., but our Local Rules require a motion to amend to "set forth a concise statement of the amendment sought to be allowed," and to attach a copy of the proposed amended pleading. D.Kan. Rule 15.1(a). Plaintiff has not complied with either of these requirements, so the court cannot properly assess the propriety of any proposed amendment at this time. Plaintiff may file a motion for

5

leave to amend in accordance with Federal Rule of Civil Procedure 15 and D.Kan. Rule 15.1 no later than June 11, 2013.

B.  TITLE VII--Retaliation

Retaliation under Title VII requires that a plaintiff allege that: (1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) there is a causal connection between the exercise of protected activity and the adverse action. See 42 U.S.C. § 2000e-3; Vaughn v. Epworth Villa, 537 F.3d 1147, 1150 (10th Cir. 2008)(adverse employment actions, such as suspension, demotion, or termination, while prohibited in retaliation, are no longer the only actions that are considered adverse actions for Title VII retaliation purposes.); see also Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 68 (2006).  Protected activity for purposes of Title VII retaliation includes either (1) participating in or initiating a Title VII proceeding or (2) opposing discrimination made unlawful by Title VII.  See Cole v. Ruidoso Mun. Sch., 43 F.3d 1373, 1381 (10th Cir. 1994)(citing Daniels v. Loveridge, 32 F.3d 1472, 1475 (10th Cir. 1994)).  Adverse actions are those actions a reasonable employee could find "materially adverse," which in the context of retaliation, means an action that "might well dissuade a reasonable worker from making or supporting a [protected claim]."  Id.

Although, as previously stated, the complaint is not a model pleading, the court finds that it adequately states a claim for

6

retaliation under Title VII.  Suspension and termination are actions that would likely dissuade a reasonable employee from reporting Title VII violations or participating in proceedings.  Thus, the court concludes that these actions are materially adverse for purposes of plaintiff's claim.  In addition, plaintiff has alleged that he did voice his concern about discriminatory treatment to a supervisor in his office.  This allegation is a plausible assertion of opposition under Title VII.  Finally, the close proximity between the alleged protected activity and the adverse employment actions is sufficient to establish an alleged causal connection.  Accordingly, this portion of the defendant's motion to dismiss shall be denied.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss be hereby granted in part and denied in part.  The court shall allow plaintiff until June 11, 2013 in which to file a motion to amend his complaint pursuant to Fed.R.Civ.P. 15 and D.Kan Rule 15.1 to allege a claim of gender discrimination under Title VII.  If no motion is filed by that date, the defendant's motion to dismiss plaintiff's gender discrimination claim under Title VII will be granted and the claim will be dismissed for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).  The remainder of the defendant's motion as it applies to plaintiff's claim of retaliation under Title VII shall be denied.

**IT IS SO ORDERED.**

Dated this 28th day of May, 2013, at Topeka, Kansas.

                                          *s/Richard D. Rogers*
                                          United States District Judge